IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ELLISA WHITSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ) | Jury Trial Demanded |
| THE BRACHFELD LAW GROUP, P.C. ,) | |
| DEFENDANT DOE and ) | |
| LVNV FUNDING, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331** and pursuant to **15 U.S.C. § 1692k(d).**

2. This action arises out of Defendant's numerous and multiple violations of the **Fair Debt Collection Practices Act**, **15 U.S.C. §§ 1692 et seq.** ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Ellisa Whitson (hereinafter "Plaintiff") is a natural person who resides in Washington County, Tennessee, and a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

5. Defendant The Brachfeld Law Group, P.C. (hereinafter "Defendant Brachfeld") is a law firm and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and can be served through its registered agent as follows: Corporation Service Group, 211 E. 7th Street, Suite 620, Austin, TX 78701.

6. Defendant Doe is a natural person who is employed by Defendant Brachfeld as a collection agent and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and may be served at 800 W. Sam Houston Parkway, South, Suite 200, Houston, TX 77042.

7. Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)** and a for-profit limited liability company organized in Delaware, and may be served through its agent for service of process at C T Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223.

## FACTUAL ALLEGATIONS

8. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a(5)**, namely, a credit card debt originally owned by LVNV Funding, LLC (hereinafter "LVNV").

9. Sometime prior to January 27, 2011, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff.

*Collection Letter dated January 27, 2011*

10. Within one year prior to the filing of this present Complaint, on or about January 27, 2011, Defendant Brachfeld sent a collection letter to Plaintiff dated January 27, 2011. A copy of the January 27, 2011 collection letter is filed as Exhibit 1 to this Complaint.

11. The January 27, 2011 collection letter from Brachfeld was a "communication" as that term is defined by **15 U.S.C. § 1692a(2)**, and was made in connection with collection of a debt and in an attempt to collect a debt.

12. The January 27, 2011 collection letter from Defendant Brachfeld shows the name: The Brachfeld Law Group, P.C. on their letterhead.

13. The January 27, 2011 collection letter stated that (a) the current creditor on the account was LVNV; (b) Original Creditor: GE Capital; (c) Originator Account #: xxxxxxxxxxxxx142 (redacted); (d) Reference#: 10335288 and (e) Total Amount Due: $2,195.59

14. The January 27, 2011 collection letter further stated that:

> "The named current creditor has placed this account with our office for collection. You can settle this account for a lump sum payment of $1,317.35. This offer will remain valid for a minimum of 45 days from the date of this letter and may be extended for an additional period. Before making a settlement payment after 45 days from the date of this letter, please confirm with one of our representatives that this offer is still valid. Should you choose not to accept this offer, please enclose this letter or a copy with your settlement and mark your check or money order with the account reference number listed and that this is a settlement.
>
> . . . .
> Unless you notify this office within 30 days after receiving this notice that you dispute the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."
>
> . . . .

3
Case 2:12-cv-00036-HSM-WBC   Document 1   Filed 01/27/12   Page 3 of 11   PageID #: 3

> "**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE SUED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR**."

(Bold and all capital letters in original)

*Collection Letter dated April 15, 2011*

15. On or about April 15, 2011, Defendant Brachfeld sent a collection letter dated April 15, 2011 to Plaintiff.

16. The April 15, 2011 collection letter from Defendant Brachfeld stated that they were attempting to collect a debt for LVNV. A copy of the April 15, 2011 letter is filed as Exhibit 2 to this Complaint.

17. The April 15, 2011 collection letter from Brachfeld was a "communication" as that term is defined by **15 U.S.C. § 1692a(2)**, and was made in connection with collection of a debt and in an attempt to collect a debt.

18. The April 15, 2011 collection letter stated that (a) the current creditor on the account was LVNV; (b) Original Creditor: GE Capital; (c) Originator Account #: xxxxxxxxxxxxx142 (redacted); (d) Reference#: 10335288 and (e) Total Amount Due: $2,195.59.

19. The April 15, 2011 collection letter further stated that:

> "With tax season here what better time to contact us regarding fantastic settlement opportunities. Our client has authorized us to extend to you great settlement offers on the above account. At this time our client is willing to reduce your balance by 65.00% for a total amount due of $780.43. Your payment must be received on or before 4/27/2011. If you take advantage of the above settlement offer to avoid future collection contacts on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved. In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at

a later date, as well as to continue collection activity for the balance in full, plus accrued interest. As of the date of this letter, you owe the total amount due listed above. Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater. Hence, if you do not accept this offer, and choose not to pay at a later date, an adjustment may be necessary after we receive your check, in which even we will inform you before depositing the check for collection….

. . . .

Although we are a law firm lawyers may also be debt collectors and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are licensed in California, Ohio and Texas and we currently litigate only in California and do not sure in any other state. Moreover, because we are not acting in any legal capacity at this time this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client."

20. The April 15, 2011 collection letter also stated that:

"**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE SUED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR**."

(Bold and all capital letters in original)

21. The April 15, 2011 collection letter was not signed.

### COLLECTION CALLS MAY 12, 2011 THROUGH JUNE 23, 2011

22. On May 12, 2011, at 1:52 p.m., Defendant Doe called Plaintiff's cellular phone and Defendant Doe left a voicemail message stating "this is an effort to collect a debt". Defendant Doe stated he/she was with Defendant Brachfeld.

23. On June 23, 2011 at 3:45 p.m., Plaintiff called Defendant Brachfeld. Plaintiff was told

they could not find Plaintiff in their database and transferred her to "small claims".

24. On June 23, 2011 at 3:50 p.m., Defendant Doe called Plaintiff's cellular phone and left a voicemail message that they had left an incorrect area code. Defendant Doe added that he/she had called the Mechem Law Firm and was told Plaintiff's case with them was a bankruptcy case and that Defendant Doe was hung up on by the Mechem Law Firm and that Plaintiff fax Brachfeld a "cease and desist order" and reference number 10335288.

23. In an effort to collect the alleged debt, Defendant Doe called Plaintiff's cellular phone as outlined in paragraphs 21-22 above on the dates and times indicated.

24. Plaintiff did not expressly consent to Defendants' placement of telephone calls to her cellular telephone by use of an automated telephone dialing system of pre-recorded or artificial voice/recording prior to Defendant Doe's placement of these calls as at least partly detailed in paragraphs 21-22 above.

25. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in **47 U.S.C. § 227(b)(1)(A).**

26. Defendants willfully and/or knowingly violated the TCPA as outlined above.

### *Collection Service Licensing*

27. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **<u>irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.</u> Tenn. Code Ann. § 62-20-102(3)**. (emphasis added)

28. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. **Tenn. Code Ann. § 62-20-105(a).**

29. As of the date of the filing of the collection lawsuit against Plaintiff, Defendant Brachfeld had not applied for or been issued a valid collection service license by the Tennessee Collection Service Board that is necessary for a collection service to legally collect debts in Tennessee.

30. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA were not reasonably adapted to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers that they received by assignment and/or purchase by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

31. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA were not reasonably adapted to avoid threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

32. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA were not reasonably adapted to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection

Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

33. By attempting to collect the debt from Plaintiff at a time when Defendant Brachfeld was not licensed as a collection service by the Tennessee Collection Service Board, Defendant FIA violated **15 U.S.C. §§ 1692e, 1692e(5), 1692e(10)**, and **1692f**. See, *LeBlanc v. Unifund CCR Partners*, **601 F.3d 1185, 1190 fn. 9 (11th Cir. 2010)** ("See, e.g., *Sibley v. Firstcollect, Inc.,* **913 F.Supp. 469, 471 (M.D.La. 1995)**; *Russey v. Rankin*, **911 F. Supp. 1449, 1459 (D.N.M. 1995)** (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); *Kuhn v. Account Control Tech, Inc.*, **865 F. Supp. 1443, 1451-52 (D.Nev. 1994)** (finding failure to register as a debt collector under Nevada law violated **15 U.S.C. § 1692f**); *Gaetano v. Payco of Wisc. Inc.*, **774 F.Supp. 1404, 1414-15 n. 8 (D.Conn.1990)** (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the plaintiff of her right as a consumer debtor residing within the state to have the Defendant's qualifications as a collection agency reviewed by state authorities.'"); Also, see, *Bradshaw v. Hilco Receivables, LLC,* **No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D. Md.)**.

### *Summary*

34. The above-detailed conduct by Defendant Brachfeld in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

35. In addition to their individual liability under the FDCPA, the acts and omissions of

Defendants Doe and Brachfeld as agents for Defendant LVNV and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant LVNV.

36. The acts and omissions by Defendants Doe and Brachfeld were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant LVNV in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, Defendants Doe and Brachfeld were motivated to benefit their principal, Defendant LVNV.

38. Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant LVNV including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **US Const. amend. 7. Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, **15 U.S.C. §§ 1692** *et seq.*, with respect to Plaintiff.

42. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to **15 U.S.C. § 1692k(a)(1)**, in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to **15 U.S.C. § 1692k(a)(2)(A)**; and, reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k(a)(3)** from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k(a)(1)** against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to **15 U.S.C. §1692k(a)(2)(A)** against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k(a)(3)** against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II.

### VIOLATIONS OF THE TELEPHONE COLLECTION PRACTICES ACT

### 47 .S.C. §227 *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

40. Defendant Brachfeld placed non-emergency phone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice/recording without Plaintiff's prior expressed consent in violation of **47 U.S.C. §227(b)(1)(A)(iii)**.

41. As a result of each and every Defendant's violations of the TCPA, Plaintiff is entitled to damages pursuant to **15 U.S.C. § 1692k(a)(1)** in the amount of $500-$1,500.00 for each call made by Defendant Brachfeld to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice/recording without Plaintiff's prior expressed consent pursuant to **47 U.S.C. §227***et seq*.

01/27/12            Respectfully submitted on behalf of,

**ELLISA WHITSON**

/s/ Everett H. Mechem
**Everett H. Mechem, Attorney for Plaintiff**
BPR #011854
Mechem Law Firm, P.C.
220 Broad Street, Suite 206
Kingsport, TN 37660
Telephone: (423) 207-1300
Facsimile: (423) 370-1717
everett@mechemlaw.com